UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| PATRIZIA INFANTE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CORE DIGITAL MARKETING, LLC,<br><br>　　　　　Defendant. | CASE NO.: 2020-cv-_____ |

**DEFENDANT CORE DIGITAL MARKETING, LLC'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453, with full reservations of all defenses, Defendant Core Digital Marketing, LLC ("Core Digital" or "Defendant"), submits this Notice of Removal and thereby removes the civil action styled *Patrizia Infante v. Core Digital Marketing, LLC*, Case No. CACE20016064, which was filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "State Action"), to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. In support of this Notice of Removal, Defendant states as follows:

**I.　Background**

　　1.　On September 29, 2020, Plaintiff Patrizia Infante ("Plaintiff"), purportedly on behalf of herself and others similarly situated, commenced the State Action by filing a one-count, putative class action lawsuit against Core Digital, under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA") in the County of Broward, Florida, Seventeenth Judicial Circuit.

2. This suit arises from purported "unsolicited text messages" Plaintiff received on her cellular telephone that, according to Plaintiff, were allegedly sent by or on behalf of Defendant in violation of the TCPA. (Complaint ¶¶ 7, 17).

3. Among other things, Plaintiff alleges that the text messages at issue constituted a "nuisance and invasion of privacy" and were "costly and inconvenient" to the extent "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." (Complaint ¶ 14). Plaintiff also alleges that "Plaintiff and the other members of the [putative] No Consent Class [were] harmed and are entitled to a minimum of $500.00 in damages" from Defendant (Complaint ¶ 51). Among other relief, Plaintiff seeks "actual, statutory damages, and/or trebled statutory damages" and "any other available legal or equitable remedies" in relation to the at-issue text messages. (Complaint ¶ 3 & Prayer for Relief, p. 10 ¶ d).

4. Defendant was served with copies of the Summons and Complaint on November 2, 2020.

5. True and correct copies of Plaintiff's Summons and Complaint are annexed hereto as ***Exhibit A***.

6. As all procedural and substantive requirements related to the removal of this action have been performed or otherwise satisfied, as reflected below, Defendant now timely removes this action to this Court.

## II.   Basis for Federal Question Jurisdiction

7. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446. This claim should have been originally filed in this Court

pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States".

8. Plaintiff's Complaint asserts violations of a federal law, namely the TCPA. *See generally* Ex. A. The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States. As such, this Court has federal question jurisdiction over this matter. *See Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citation omitted).

9. Moreover, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

### III. Basis for Jurisdiction Under the Class Action Fairness Act of 2005 ("CAFA")

10. This Court also has original subject matter jurisdiction of this action pursuant to CAFA, 28 U.S.C. §§ 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the putative class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

11. <u>Covered Class Action</u>. This action meets the CAFA definition of a class action which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). (Complaint ¶ 38). Plaintiff seeks to represent a class comprised of and defined as:

> **No Consent Class**: All persons in the United States who from four years prior to the filing of this action until the date of a certification order [1] received a text message on his or her cellular phone number from Defendant [2] using the same type of equipment used to send the text messages to Plaintiff [3] for the purpose of advertising and/or promoting Defendant's property, goods, and/or services.

(Complaint ¶ 35).

12. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff purports to be a resident of the State of Florida as of the time the suit was filed. 28 U.S.C. § 1332(d)(7), (Complaint ¶ 5). As alleged in the Complaint, Core Digital is a company with its principal place of business in Ohio. (Complaint ¶ 5). Thus, the diversity requirements of CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

13. <u>Class Action Consisting of More than 100 Members</u>. Plaintiff alleges she "believes the Class members number in the several thousands, if not more." (Complaint ¶ 36).

14. <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Plaintiff, on her behalf as well as those of the putative class members, seeks damages and injunctive relief. (Complaint ¶ 3 and Prayer for Relief c-e). Damages claimed are "a minimum of $500.00" in damages, and/or "trebled statutory damages" of $1,500.00 per TCPA violation. (Complaint ¶¶ 51, Prayer for Relief d). Plaintiff also alleges that the "aggregate damages sustained by the Class are in the millions of dollars . . . ." (Complaint ¶ 43). As applied to this case, 3,334 putative

4

class members claiming similar damages would exceed the $5,000,000 threshold under CAFA, and, as noted above, Plaintiff has alleged that the putative class members could "number in the *several* thousands, *if not more*." (Complaint ¶ 36) (emphasis added). This, coupled with Plaintiff's estimated class size, without conceding any merit to the Complaint's allegations, alleged damages or claims, and for purposes of removal only, makes it plausible that the amount in controversy here satisfies CAFA's jurisdictional threshold.

**IV.    Defendant has Satisfied all the Procedural Requirements for Removal**

15. Pursuant to 28 U.S.C. § 1441(a), the present action may be removed to the United States District Court for the Southern District of Florida.

16. Defendant's registered agent was served with copies of the Summons and Complaint on November 2, 2020.

17. Defendant's Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

18. Defendant will promptly serve a copy of this Notice of Removal upon all counsel of record and will file a copy of this Notice with the Clerk of the Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida pursuant to 28 U.S.C. § 1446(d).

19. In accordance with 28 U.S.C. § 1446, copies of all process and papers received by Defendant in the State Action have been attached to this Notice of Removal as ***Exhibit A***.

**V.    Venue**

20. Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because this action was brought in the Seventeenth Judicial District, in and for Broward County, Florida which is in the same District as the United States District Court for the Southern District of Florida.

21. Defendant hereby reserves all rights to assert any defense or affirmative matter,

including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as to amend or supplement this Notice of Removal.

**VI.     Conclusion**

Defendant respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that the Court grant Defendant such other relief to which it is justly entitled.[1]

Dated: December 1, 2020                                        Respectfully submitted,

By: /s/ Yaniv Adar
Yaniv Adar (Florida Bar No. 63804)
MARK MIGDAL & HAYDEN
BRICKELL CITY TOWER
80 SW 8TH STREET,
SUITE 1999, MIAMI, FL 33130
Tel: (305) 374-6623
Email: yaniv@markmigdal.com

Brett J. Natarelli (pro hac vice forthcoming)
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin St., Suite 2600
Chicago, IL 60606
Tel: (312) 529-6302
Email: bnatarelli@manatt.com

A. Paul Heeringa (pro hac vice forthcoming)
MANATT, PHELPS & PHILLIPS, LLP
151 North Franklin Street, Ste. 2600
Chicago, IL 60606
Tel.: (312) 529-6300
Email: pheeringa@manatt.com

*Attorneys for Defendant*
*Core Digital Marketing, LLC*

---

[1] By filing this notice and removing, Defendant does not waive any rights, defenses, arguments, or privileges with respect to the Complaint or otherwise, including but not limited to personal jurisdiction or the right to assert any applicable contractual or extra-contractual provisions or obligations that may exist between the parties (e.g., arbitration clauses or class action waivers).

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 1, 2020, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means:

| | |
|---|---|
| Manuel S. Hiraldo, Esq.<br>Hiraldo P.A.<br>401 E. Las Olas Boulevard, Suite 1400<br>Fort Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com | Jibrael S. Hindi, Esq.<br>Thomas J. Patti, III, Esq.<br>The Law Offices of Jibrael S. Hindi<br>110 SE 6th Street, Suite 1744<br>Fort Lauderdale, Florida 33301<br>Email: jibrael@jibraellaw.com<br>Email: tom@jibraellaw.com |

/s/ Yaniv Adar